**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| M & M DISTRIBUTING, INC., | ) | CV-09-01563-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| THRIFTY PAYLESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. # 4.)

Plaintiff filed its Complaint in Maricopa County Superior Court on July 8, 2009. (Dkt. # 1.) On July 29, 2009, Defendant filed a Notice of Removal based on diversity of citizenship (Dkt. # 1), and simultaneously filed a Motion to Dismiss (Dkt. # 4) and a Counterclaim (Dkt. # 5). On August 11, 2009, Plaintiff filed a timely response to Defendant's motion to dismiss. (Dkt. # 10.) On August 17, 2009, Plaintiff filed a response to Defendant's Counterclaim. (Dkt. # 16.) After reviewing the pleadings, and finding oral argument to be unnecessary, the Court issues the following Order.

**I. BACKGROUND**

Plaintiff, M & M Distributing, Inc., is an Arizona corporation engaged in the distribution of ice cream products in the State of Arizona. (Dkt. # 1.) Defendant, Thrifty Payless, Inc., is a California corporation engaged in manufacturing ice cream products under

the name Thrifty Ice Cream. Defendant sells its ice cream products through distributors in various states. (Dkt. # 4.)

On September 25, 1996, the parties entered into an Ice Cream Product Sales Agreement ("Contract"). (Dkt. # 4-4.) Under the terms of the Contract, Defendant agreed to sell Plaintiff ice cream products for distribution in the State of Arizona. (Dkt. # 4.) Almost twelve years after its execution, Defendant terminated the Contract by giving written notice to Plaintiff, in accordance with the terms of the Contract, on July 28, 2009. (Dkt. # 10.)

Plaintiff contends that Defendant breached the Contract in November 2007, when Defendant began allowing others to distribute Thrifty Ice Cream in the State of Arizona. (Dkt. # 1.) Plaintiff estimates that as a result of Defendant's breach, it has lost revenue of approximately $500,000. (Dkt. # 1.)

Defendant argues that the Contract provided Plaintiff with the right to use the Thrifty Ice Cream trademark, but did not provide exclusive rights to sell Thrifty Ice Cream products in the State of Arizona. (Dkt. # 4.) Defendant argues that because the Contract did not limit it from doing business with other distributors, it has not breached the Contract. (Dkt. # 4.)

The Contract provides, and both parties agree, that California law governs this dispute. (Dkt. # 4-4.)

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Compare Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) ("[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party.") with Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is not] required to accept as true allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

However, "dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In evaluating a motion to dismiss, a district court need not limit itself to the allegations in the complaint; but may take into account any "facts that are [] alleged on the face of the complaint [and] contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

## III. DISCUSSION

Defendant argues that dismissal is proper because (1) the clear and unambiguous language of the Contract does not provide Plaintiff with exclusive distribution rights, and (2) Plaintiff's claim is time-barred by California's statute of limitations. For the following reasons, the Court disagrees.

### A. The Contract

In order to prevail on a breach of contract claim under California law, a plaintiff must prove (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. CDF Firefighters v. Maldonado, 70 Cal. Rptr. 3d 667, 679 (Cal. Ct. App. 2008). Defendant argues that it has not breached the Contract because the terms of the Contract do not provide exclusive distribution rights.

"A motion to dismiss cannot be granted against a complaint to enforce an ambiguous contract." Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation, 850 F. Supp. 1388, 1408 (C.D. Cal. 1994) (citing Consul Ltd. v. Solide Enters., Inc., 802 F.2d 1143, 1149 (9th Cir. 1986)). "A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations." Monaco v. Bear Stearns Residential Mortgage

Corp., 544 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008). "Where the language 'leaves doubt as to the parties' intent,' the motion must be denied." Monaco, 544 F. Supp. 2d 1040 (quoting Consul, 802 F.2d at 1149.)

Defendant argues that Sections 1.1 and 5.3 of the Contract support its interpretation that no exclusive distribution rights existed. Defendant also argues that any extrinsic evidence Plaintiff may offer to suggest the contrary is barred by the parol evidence rule.

**(i)     Section 1.1**

The Court does not agree that Section 1.1 of the Contract clearly and unambiguously provides that no exclusive distribution rights existed. The relevant portion of Section 1.1 states that "Purchaser is a distributor of dairy products in the Territory as defined in Paragraph 2.6 and wishes to establish a business relationship with a manufacturer of a quality ice cream product." (Dkt. # 4-4.) Defendant argues that the language is contrary to exclusive distribution rights because Plaintiff is described as being "a distributor," rather than the "sole distributor." (Dkt. # 4.) However, the Court finds that this section may also be interpreted as merely describing the nature of Plaintiff's business *prior* to entering into the Contract. Moreover, Plaintiff could not have been the "sole distributor" if in fact Plaintiff still "wishe[d] to establish" its business relationship with Defendant. Therefore, the Court finds that while Section 1.1 of the Contract does not provide exclusive distribution rights, it also does not clearly and unambiguously provide that no exclusive distribution rights existed.

**(ii)    Section 5.3**

The Court also does not agree that Section 5.3 of the Contract clearly and unambiguously provides that no exclusive distribution rights existed.

Section 5.3 provides as follows:

> 5.3 It is understood that if Thrifty establishes retail stores or facilities in the Territory during the term of this Agreement, said stores or facilities will be proprietary parts of the same corporate family as the Thrifty ice cream plant and, therefore, will operate under ice cream product sales and price arrangements separate and apart from and without regard to this Agreement.

(Dkt. # 4-4.)

Defendant argues that Section 5.3 "establishes [Defendant's] right to enter into any other agreements for the sale of [Defendant's] ice cream products to other business[es] in the State of Arizona." (Dkt. # 4.) However, the Court finds that this section may also be interpreted as reserving Defendant's right to establish its *own* retail stores or facilities, without having to purchase ice cream products from Plaintiff. The Court's alternative interpretation is markedly different from providing Defendant with the right to establish other distributorships.

Moreover, "[a]n interpretation which renders part of the instrument to be surplusage should be avoided." Nat'l City Police Officers' Ass'n v. City of Nat'l City, 105 Cal. Rptr. 2d 237, 239. If Plaintiff did *not* have exclusive distribution rights, Section 5.3 would be surplusage because it would reserve a right that Plaintiff had no power to interfere with. Therefore, Section 5.3 of the Contract does not clearly and unambiguously provide that no exclusive distribution rights existed. Instead, the section implies that Plaintiff may have had exclusive distribution rights because, to find otherwise, would require that the section be surplusage.

**(iii) Extrinsic Evidence**

Under California law, sales agreements are governed by the California Commercial Code. CAL. COM. CODE § 2102 (West 2009). The Commercial Code's parol evidence rule provides that a contract "may be explained or supplemented (a) [b]y course of dealing, course of performance, or usage of trade; and (b)[b]y evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." CAL. COM. CODE § 2202.

Plaintiff alleges in its Complaint that on August 23, 2001, Ron Simmer, the plant manager for Thrifty Ice Cream, "issued a letter reaffirming and confirming that M & M Distributing is the sole exclusive distributor of Thrifty labeled ice cream products for the State of Arizona." (Dkt. # 1.) Defendant contends that this letter is barred by the parol evidence rule. (Dkt. # 4.)

The Court finds that California's Commercial Code applies to the Contract, because it is a sales agreement ("Ice Cream Product Sales Agreement"). Next, the Court must determine whether the Contract was intended as a "complete and exclusive statement of the terms of the agreement." Section 7 of the Contract provides as follows: "This Agreement represents all the understandings, representations and conditions between the parties and no prior or contemporaneous statements, written or oral, serve to modify it. Any and all changes to be made to this Agreement will be in a writing signed by both the parties." (Dkt. # 4-4). Accordingly, the Court finds that any evidence of consistent additional terms is barred because Section 7 of the Contract acts as an integration clause. See Spurgeon v. Buchter, 13 Cal. Rptr. 354, 357 (Cal. Dist. Ct. App. 1961) ("If the writing…contains such language as imports a complete legal obligation-it is to be presumed that the parties have introduced into it every material item and term.").

While this Court finds that the parol evidence rule prevents Plaintiff from explaining or supplementing the Contract, Plaintiff may offer evidence of a modification. Section 2209 of the California Commercial Code permits modifications without consideration. CAL. COM. CODE § 2209. Section 7 of the Contract requires modifications be in writing and signed by both parties. (Dkt. # 4.) In construing Mr. Simmer's letter in a light most favorable to the nonmoving party, as the Court must do when evaluating a motion to dismiss, the Court finds that such evidence may satisfy the requirements of a modification. Alternatively, if the letter does not satisfy the requirements of a modification, it may operate as a waiver. CAL. COM. CODE § 2209(4).

Accordingly, the Court finds that while the parol evidence rule prohibits Plaintiff from offering evidence of consistent additional terms, Plaintiff may offer evidence of a modification or waiver.

**D. Statute of Limitations**

Defendant argues that this Court should grant its Motion to Dismiss because California's statute of limitations bars Plaintiff's claim. Under California law, the statute of

limitations for breach of contract is four years. CAL. CIV. PROC. CODE § 337 (West 2009). Defendant argues that Plaintiff "admits for the first time in its response that the Complaint is time-barred." (Dkt. # 17.) However, Michael McDaniel, as Vice President of M & M Distributing, Inc., stated that he "learned that other business entities were selling or attempting to sell Thrifty ice cream products in the State of Arizona" and that he was assured Defendant would "take care of it." (Dkt. # 11.) Plaintiff did not state that the breach was ongoing or uncorrected since 2001. Instead, Plaintiff stated in its Complaint that performance under the Contract "was satisfactory until approximately November 2007." (Dkt. # 1.) Plaintiff filed its Complaint on July 8, 2009 (Dkt. # 1), and therefore, is within the four-year statute of limitations.

Accordingly, the Court does not agree that Plaintiff's claim is barred by the statute of limitations.

## IV. CONCLUSION

The Court finds that it would be inappropriate to grant Defendant's Motion to Dismiss because the language of the Contract does not clearly and unambiguously support Defendant's argument that no exclusive distribution rights existed between the Parties. Moreover, Plaintiff's extrinsic evidence may be admissible as a modification or waiver, and Plaintiff's claim is not barred by the statute of limitations.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss to Dismiss Pursuant to F.R.C.P. 12(b). (Dkt. # 4.)

DATED this 15th day of January, 2010.

_____
Mary H. Murguia
United States District Judge